Filed 6/4/24  P. v. Sinay-Sicajau CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JUAN CARLOS SINAY-SICAJAU,<br><br>        Defendant and Appellant. | A166914<br><br>(San Mateo County<br>Super. Ct. No. 21-SF-012034-A) |

After defendant Juan Carlos Sinay-Sicajau pleaded no contest to one count of committing lewd acts upon a child under age 14 (Pen. Code, § 288, subd. (a))[1] and admitted a special allegation of substantial sexual conduct (§ 1203.066, subd. (a)(8)), the trial court sentenced him to six years in prison. His sole challenge on appeal is that the trial court erred in failing to address section 1170, subdivision (b)(6), which provides a rebuttable presumption in favor of the lower term when certain mitigating factors (including childhood trauma or age) contributed to the commission of the crime.  We remand to allow the sentencing court to exercise its discretion on whether to sentence defendant to the low term.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

1

**BACKGROUND**[2]

East Palo Alto Police officers responded to a convenience store after a report of a man with a knife. Upon arrival, officers observed defendant, along with an adult woman and her 10-year-old daughter (the victim), "who were crying and appeared distraught." The victim explained she had been walking home from the store with her dog when defendant approached her, asked for her name, told her she was pretty, and asked for her phone number. The victim, fearing for her safety, gave defendant her mother's cell phone number. Defendant then put his "arm around" the victim, grabbed her face, turned it toward him, and kissed her on her mouth. The victim "was able to free herself from . . . defendant, ran away, and called her mother, who responded to the convenient [*sic*] store."

Arresting officers noted "a strong odor of alcohol" coming from defendant and observed "blood on his face." During questioning, defendant denied physically touching or kissing the victim, but admitted to talking to her and asking for her phone number. He stated he was unaware of her age and "assumed she was 17 years old." Further investigation revealed defendant sent 10 text messages to the victim's telephone number, some of which "were nonsensical," while others "stated that the . . . victim was pretty." In a subsequent interview, the victim indicated defendant "touched her 'upper parts' and 'between her legs' over her clothing." The victim's mother reported the victim, who had been a " 'very happy girl, very confident' " was now " 'very quiet, fearful, nervous, sad and depressed.' "

The San Mateo County District Attorney filed a five-count amended information alleging three felony counts of forcible lewd acts upon a child

---

[2] A summary of the factual background is taken from the probation report.

(§ 288, subd. (b)(1)—counts 1–3); one count of misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)—count 4); and one count of felony lewd acts upon a child under age 14 (§ 288, subd. (a)— count 5). The information further alleged as to counts 3 and 5 a special allegation of substantial sexual conduct (§ 1203.066, subd. (a)(8)).

Defendant entered a no contest plea as to count 5 and admitted the related special allegation in exchange for a six-year sentencing lid. The trial court found the plea was voluntarily and freely given and granted the prosecutor's motion to dismiss the remaining charges.

The probation department recommended the trial court deny probation and sentence defendant to prison but did not otherwise recommend a term. In an interview with the probation officer, defendant, who was 22 years old at the time of the offense, stated he was "forced to work" beginning at age five and suffered a "chemical burn" at age six, which caused scaring to his left hand. His father "was strict and did not allow him to play . . . or do child-like activities." His father also "physically disciplined" him and used the "family funds to purchase alcohol." Defendant moved to the United States at age 17 "to escape his father's control." Defendant admitted to "a history of using alcohol and methamphetamine," but denied "having a problem with either substance." He indicated he was under the influence of alcohol at the time of the offense and that he was unaware of the victim's age. He admitted to following the victim and "thinking that she was 'pretty,' " but he did not remember "ever physically touching the victim."

The probation officer listed defendant's youth and lack of prior criminal history as circumstances in mitigation (Cal. Rules of Court, rule 4.423).[3] In aggravation, the officer listed that the 10-year-old victim was particularly

---

[3] All further rule references are to the California Rules of Court.

vulnerable, the crime involved great bodily harm "in that the defendant forced himself" on the victim, touching and kissing her inappropriately, and defendant "engaged in violent conduct that indicates a serious danger to society" (rule 4.421).

At the sentencing hearing, the court heard from defendant and counsel.[4]

The prosecution urged the court to impose the midterm of six years noting defendant's "lack of remorse or accountability," the fact that defendant "essentially blamed this whole incident on alcohol as if it wouldn't have happened but for the alcohol" all while maintaining "he has no problem with alcohol," and the facts of the case—that defendant "stalked [the victim] repeatedly and grabbed her near her chest and between her legs."

Defense counsel pointed out defendant "was under the influence of alcohol and methamphetamine" and although he denied "an issue with alcohol, we know his father used alcohol and abused him his entire life growing up and that he came to this country to escape that. Denial isn't surprising—that he doesn't want to be like his dad—but it was clearly a factor here." Counsel stated defendant does feel "tremendous remorse for how this young lady is feeling" but "to this day, still doesn't recall the actions that were attributed to him." Counsel continued, "My hope is that the court will consider his age, the fact that he has no other criminal history, and if the court is, I'm assuming, not going to give him probation, that the court would give him the low term of three years."

Defendant acknowledged he "made a mistake," asked for forgiveness, and maintained he "didn't know what [he] was doing due to the effects of alcohol."

---

[4] The victim's mother also provided a statement.

The court began by stating defendant "stands convicted of both a serious and a violent felony for [a] lewd act upon a child, and in looking at the criteria affecting probation, this was an assault that took place over an extended period of time. He followed [the victim] from one location to another, attempted to continue to text message her after she tried to get away from him. This was a vulnerable victim," at just 10 years old, and defendant "inflicted emotional injury upon her, and he was not a passive participant given those factors." The court acknowledged defendant had no prior criminal record and there was no indication he had a prior poor performance on probation, given the circumstances of the case, the court denied probation.

The court continued, "In terms of the Rules of Court for selection of the term of imprisonment, I am required to balance and weigh the factors in aggravation versus the factors in mitigation." The court began by observing defendant had no prior criminal record, and then considered each of the rule 4.423(a) factors stating, "[H]e was not a passive participant. He did not play a minor role. The victim did not initiate or was she a willing participant or a provoker of the incident in question. [¶] When looking at whether or not the crime was committed because of a, quote, 'unusual circumstance,' such as provocation, that was unlikely to occur, I suppose one could argue, and has been argued, that his drug and alcohol use was an unusual circumstance, but given that he has indicated to the probation officer in the report that he does not believe that he has a problem with either drugs or alcohol, I cannot find that it is a circumstance that is unlikely to recur given that he doesn't recognize that he has a problem with addiction. So that is not a factor that the Court is considering to be mitigating. [¶] He was not coerced. He was not under duress, and this was not conduct that was excusable for a reason

5

not amounting to a defense. He was not induced by anyone else to commit the crime. He took no caution to assure a lack of harm to the victim. There's no issue of claim of right. [¶] He did suffer from physical abuse as a child but not inflicted by the victim of the crime or anyone associated with the victim of the crime nor was he motivated by a desire to provide for the necessities of life for himself or his family. None of the other mitigating factors that are set forth in the—in subdivision (b) other than the fact that he has no prior record of conviction and no poor performance on previous grants of probation weigh in favor of the defendant."[5]

In aggravation, the court stated the victim was particularly vulnerable. The court continued, "[B]ased on the vulnerability of the victim and given that the Court has relied on the infliction of great emotional injury as a factor in denying probation, the Court is relying on the vulnerability of the victim as a circumstance in aggravation, and I do find that the circumstance of aggravation in this matter weigh[s] in favor of not imposing a mitigated sentence or the low term in this case." The court also pointed to defendant's statement in which "the remorse that he appears to feel is remorse for his own situation and himself," that defendant did not seem to accept responsibility at best saying "he doesn't remember what he did," and that defendant "denied having done anything" and lacked "genuine insight as to the pain he inflicted on the victim." Finally, the court stated, "So the court is going to sentence him to the mid term of six years in the Department of Corrections, which, absent any aggravating factors proved to a jury, is the maximum sentence that the Court is legally permitted to give him."

---

[5] Rule 4.423(b)—factors relating to the defendant includes that "defendant experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence and it was a factor in the commission of the crime."

Accordingly, the court sentenced defendant to six years with 434 days' credit for time served.

**DISCUSSION**

Effective January 1, 2022, Senate Bill No. 567 (2021–2022) amended the determinate sentencing law, section 1170, in several respects. Previously, the law granted trial courts "broad sentencing discretion to determine whether the imposition of the lower, middle, or upper term 'best serve[d] the interests of justice.' " (*People v. Wandrey* (2022) 80 Cal.App.5th 962, 981.) But Senate Bill No. 567 established "a presumption of the lower term" in certain circumstances. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

As relevant, section 1170, subdivision (b)(6), now provides, "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence. [¶] (B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense."[6]

"We review a trial court's sentencing decisions for an abuse of discretion." (*People v. Panozo* (2021) 59 Cal.App.5th 825, 837.) "To prove an abuse of discretion, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such showing, the trial court is presumed to

---

[6] Section 1016.7, subdivision (b) defines "youth" as "any person under 26 years of age on the date the offense was committed."

have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citation.] To meet this burden, the defendant must 'affirmatively demonstrate that the trial court misunderstood its sentencing discretion.' " (*People v. Lee* (2017) 16 Cal.App.5th 861, 866.) " 'Defendants are entitled to sentencing decisions made in the exercise of "informed discretion" of the sentencing court.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 (*Gutierrez*).) " 'A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' " (*Ibid.*)

"In such circumstances, we have held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*Gutierrez, supra*, 58 Cal.4th at p. 1391; *People v. Salazar* (2023) 15 Cal.5th 416, 425 (*Salazar*).)

Defendant asserts the trial court erred in failing to address section 1170, subdivision (b)(6) and the presumptive lower term as he made an initial showing his age and childhood trauma were a contributing factor to the commission of the offense. The Attorney General asserts defendant did not make an initial showing that his youth was a contributing factor but concedes defendant did make such a showing in regard to his childhood trauma. However, he maintains remand is unnecessary because the record shows "the trial court would have made the same decision had it known it had the discretion" to do so. (Capitalization omitted.)

We need not, and do not, consider whether defendant made a sufficient initial showing that his youth was a contributing factor, since we conclude

8

remand is necessary with respect to whether defendant's childhood trauma was a contributing factor. While it is a close question whether the trial court would have imposed the midterm had section 1170, subdivision (b)(6)'s presumptive low term been raised and addressed by the parties, we do not have the degree of confidence the Attorney General has on this point, and we therefore conclude remand is warranted.

The Attorney General points to several remarks by the court as indicating remand is unnecessary. First, he points to the sentencing hearing transcript pointing out the "trial court carefully weighed the aggravating and mitigating factors, specifically including [defendant's] history of abuse as a child as well as [his] use of alcohol." Next, respondent points to the court's statements regarding the severity of the crime, the defendant's denial of his addiction, the vulnerability of the victim, the great emotional injury inflicted, and the court's concern over defendant's inability to accept responsibility and lack of sympathy for the pain he inflicted. Additionally, the Attorney General points out the court "specifically stated that it was sentencing [defendant] to the highest available term in the absence of jury-found or admitted aggravating factors." Here, respondent is presumably referring to the court's statement, "So the Court is going to sentence him to the mid term of six years in the Department of Corrections, which, absent any aggravating factors proved to a jury, is the maximum sentence that the Court is legally permitted to give him."

Although the trial court mentioned defendant's childhood abuse, it seemingly did so only in the context of rule 4.423(a)(9),[7] stating defendant

_____

[7] Rule 4.423(a)(9)—factors in mitigation relating to the crime—provides, "The defendant suffered from repeated or continuous physical, sexual, or psychological abuse inflicted by the victim of the crime, and the victim of the crime, who inflicted the abuse, was the defendant's spouse,

"did suffer from physical abuse as a child but not inflicted by the victim of the crime or anyone associated with the victim of the crime." As such, on this record, we cannot say that the sentencing court's cursory reference to defendant's childhood abuse provides a clear indication that the court carefully weighed this as a contributing factor warranting a presumptive lower term under section 1170, subdivision (b)(6) or as a possible mitigating factor under rule 4.423(b)(3), which tracks the language of section 1170, subdivision (b)(6)(A).

Although the trial court relied heavily on the vulnerability of and impact to the victim and the lack of remorse and understanding shown by defendant, we cannot say the sentencing court would have departed from this presumptive lower term in the "interests of justice." (§ 1170, subd. (b)(6).) This is especially so given the two mitigating factors mentioned in the probation report and the one mitigating factor listed by the trial court—lack of prior criminal record. Finally, although the court's statement that absent a stipulated-to or jury-found aggravating factor the court was imposing the maximum sentence allowable[8] strongly suggests the court might impose the same sentence, it does not "clearly indicate" it would do so.

---

intimate cohabitant, or parent of the defendant's child; and the abuse does not amount to a defense."

[8] Notwithstanding the agreed-to sentencing lid under the plea, the sentencing court was presumably referring to section 1170, subdivision (b)(1)–(2) here. Section 1170, subdivision (b)(1) provides, "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." Paragraph (2), in turn, provides in pertinent part, "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been

As the Supreme Court recently held in *Salazar, supra*, 15 Cal.5th at page 426, "Under the former law, section 1170 vested the court with 'sound discretion' to simply weigh circumstances in aggravation or mitigation, and any other relevant factors, and then impose any of the three prescribed terms (low, middle, or high) it found to 'best serve[] the interests of justice.' (§ 1170, former subd. (b).) The new law dramatically restrains that discretion to impose the middle or upper term, now *requiring* the court to impose the lower term if a qualifying trauma was a contributing factor in the commission of the offense 'unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [so] that imposition of the lower term would be contrary to the interests of justice.' (§ 1170, subd. (b)(6).)"

Thus, "unless there is a clear indication from the sentencing court that it would be idle to do so, remand for resentencing is required." (*Salazar, supra*, 15 Cal.5th at p. 431.) Although this is a close case, we simply cannot conclude remand would be an idle act. We express no view on how the trial court should exercise its discretion on remand.

### DISPOSITION

The matter is remanded to allow the trial court to exercise its discretion on whether to sentence defendant to the low term. In all other respects, the judgment is affirmed.

---

found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(1)–(2).)

_____

Banke, J.

We concur:

_____

Humes, P. J.

_____

Langhorne Wilson, J.

A166914, *People v. Sinay-Sicajau*